### READ *v.* GOULD.

The petition stated a cause of action, and should not have been dismissed upon general demurrer.

MAY 11, 1910.

Complaint. Before Judge Felton. Bibb superior court. May 3, 1909.

Mrs. Mary J. Read brought suit against E. W. Gould, and alleged that he was indebted to her in the sum of $400. She averred that on or about June 6, 1904, she sold to him certain lands, and that as a part of the consideration for the sale he agreed to allow her hunting, fishing, and pasturage privileges on the lands, or, in default thereof, to pay her $400 in addition to the price already paid for the land. The agreement referred to was embodied in a writing dated June 6, 1904, signed by the defendant, in which it was stipulated that in consideration of the sale of the lands, describing them, Mary J. Read should have the right to pasture upon said lands during her life for not exceeding twenty head of cattle

and sixty head of hogs; and that if the defendant, his heirs or as-
signs, should at any time choose to do so, he should have the right
to terminate the agreement as to pasturage and hunting privileges,
upon the payment to the plaintiff of the sum of $400 in addition to ·
the purchase-price of said lands.　The petition contains the further
averments, that on or about February 4, 1908, the defendant sold
the lands to Mrs. Ophelia Phillips; that the deed conveying the
lands to Mrs. Phillips conveyed in express terms the right to pas-
turage and hunting on said lands; that since the sale of the lands by
the defendant to Mrs. Phillips, petitioner has attempted to exercise
the right of pasturage and hunting thereon, and has been denied the
right by Mrs. Phillips; and that by reason of the foregoing facts
the defendant has elected to terminate the rights of petitioner as to
pasturage, etc., and petitioner prays judgment in the sum of $400.
A general demurrer to the petition was sustained, and the petitioner
excepted.

　　*R. S. Wimberly,* for plaintiff.

　　*L. D. Moore,* for defendant.

　　BECK, J. (After stating the facts.)　The deed from petitioner
to defendant, conveying the lands in question, is not set forth in
full or in substance in the petition, nor is it exhibited.　The sale of
the lands by petitioner to defendant is alleged to have been made
on or about the 6th day of June, 1904; the date of the agreement
is June 6, 1904; and it is impossible for this court to determine
from the meager averments of the petition whether the written
agreement signed by the defendant, touching the rights of pastur-
age, etc., was executed prior to the deed, and merged in the deed ex-
ecuted subsequently, or whether the written agreement was executed
subsequently to the deed conveying the lands in fee simple, without
reservation or exception.　But, construing the petition ·and the
agreement executed by the defendant in the light of the meager
averments of the petition, and the language of the agreement itself
reciting that the granting of the right to pasturage upon the lands
and the privilege of hunting and fishing thereon was a part of the
consideration for the sale of the lands, in the absence of special de-
murrer calling for a more specific statement of the terms of the
conveyance of the lands to the defendant and as to the relative time
of the execution of that conveyance and the instrument in writing,
referred to as an agreement in the petition, we take it that the two

papers were executed simultaneously and are to be construed as parts of one and the same transaction, and do so construe them, though the facts of the case as they may appear upon the trial may require an entirely different construction. Thus construing the written agreement signed by the defendant, we think the petition was good as against a general demurrer. Considered as a whole, the defendant undertook to pay to the plaintiff the sum of $400 whenever he should "terminate this agreement" relative to the rights and privileges of the petitioner as to pasturage and hunting upon said lands; and when he sold the lands to a third person and expressly conveyed the rights of pasturage and hunting, generally and without limitation, he will not be heard to say that he has not brought about the contingency upon the happening of which the $400 was to become due to petitioner. Petitioner has herself, by filing this suit, elected to treat her rights and privileges of pasturage and hunting upon the lands as terminated and extinguished; and we are of the opinion that the amount of $400, which the defendant obligated himself to pay upon the termination of the rights and privileges referred to, is due, and that plaintiff is entitled to a judgment therefor, unless other facts not appearing upon the face of the petition, affecting or destroying the validity of the binding effect of the agreement signed by the defendant, should appear upon the trial.

*Judgment reversed. All the Justices concur.*